Newberry v. Finsen et al																				Doc. 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLY NEWBERRY, | ) CASE NO. C06-1018-MJP-MAT |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| CAPT. F. FINSEN, et al., | ) |
| Defendants. | ) |

Plaintiff is currently incarcerated in the Snohomish County Jail ("Jail") in Everett, Washington. He has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP application"). The complaint has not been served on defendants.

The court has reviewed the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff alleges that he is being denied access to the Jail's law library. (Complaint at 3). Specifically, he alleges that the Jail grants library access only to those inmates who are representing themselves in an on-going civil or criminal matter. (*Id*. at 4). For the reasons stated below, the court recommends that the complaint and action be dismissed without prejudice.

In describing the right of access to the courts, the Supreme Court stated that the right "guarantees no particular methodology but rather the conferral of a capability – the capability of

REPORT AND RECOMMENDATION
PAGE -1

Dockets.Justia.com

bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). On the same day that plaintiff submitted the instant § 1983 complaint, plaintiff also submitted two other complaints, which have been assigned case numbers C06-1017-RSM-MJB and C06-1019-MJP-MJB. Thus, it appears that even if plaintiff's allegations were true, lack of access to a law library has not impeded his ability to file actions in federal court. Therefore, it appears that plaintiff has the "capability" to challenge conditions of confinement that the Supreme Court referred to as paramount in an "access to courts" claim.

Moreover, it now appears that because he is representing himself in these two other pending lawsuits, plaintiff will no longer be barred access to the law library under the Jail policy that he seeks to challenge here. Thus, it appears that plaintiff has not suffered an actual injury stemming from the alleged violation, a jurisdictional requirement that flows from standing doctrine and may not be waived. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Accordingly, plaintiff's complaint and this action should be dismissed for failure to state a claim upon which relief can be granted. In addition, plaintiff's IFP application may be denied as moot. A proposed Order is attached.

DATED this 31st day of July, 2006.

Mary Alice Theiler
United States Magistrate Judge